# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MISSOURI
### EASTERN DIVISION

| | |
|---|---|
| KIERRA SHANTA MARTIN, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 4:21-CV-958-NAB |
| ) | |
| ST. LOUIS CITY FAMILY COURT, et al., ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on self-represented plaintiff Kierra Shanta Martin's motion for leave to proceed *in forma pauperis* and submission of a civil complaint. Plaintiff will be granted leave to proceed *in forma pauperis*, and this action will be dismissed for lack of jurisdiction.

**Legal Standard**

The Federal Rules of Civil Procedure require this Court to dismiss a complaint if it determines at any time that it lacks jurisdiction. Fed. R. Civ. P. 12(h)(3). Moreover, a complaint filed *in forma pauperis* must be dismissed if it is frivolous, malicious, or fails to state a claim upon which relief can be granted. 28 U.S.C. § 1915. An action is frivolous if it "lacks an arguable basis in either law or fact." *Neitzke v. Williams*, 490 U.S. 319, 328 (1989). An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

This Court must liberally construe complaints filed by laypeople. *Estelle v. Gamble*, 429 U.S. 97, 106 (1976). This means that "if the essence of an allegation is discernible," the court should "construe the complaint in a way that permits the layperson's claim to be considered within the proper legal framework." *Solomon v. Petray*, 795 F.3d 777, 787 (8th Cir. 2015) (quoting *Stone*

*v. Harry*, 364 F.3d 912, 914 (8th Cir. 2004)). However, even *pro se* complaints must allege facts which, if true, state a claim for relief as a matter of law. *Martin v. Aubuchon*, 623 F.2d 1282, 1286 (8th Cir. 1980). Federal courts are not required to assume facts that are not alleged, *Stone*, 364 F.3d at 914-15, nor are they required to interpret procedural rules so as to excuse mistakes by those who proceed without counsel. *See McNeil v. United States*, 508 U.S. 106, 113 (1993).

## The Complaint

Plaintiff files her civil complaint against the "St. Louis City Family Court, Rhonda Norris, All Supervisors on Case, Guardian [ad Litum] Sarah on Case, and Kerry Allen."[1] Plaintiff invokes this Court's federal question jurisdiction, and identifies her claims as "negligence, professional misconduct." (ECF No. 1 at 3). She identifies herself and defendants Rhonda Norris and the St. Louis City Family Court as Missouri citizens. Other than listing the remaining defendants in the caption, she makes no allegations against them and does not identify their states of citizenship. She sets forth her statement of claim, in its entirety, as follows:

1. What happened to you? Part[ies] made false statements and wrongful took my rights from my child

2. When did it happen? 2018.

3. Where did it happen? St. Louis City Court

---

[1] This case is one of 7 civil actions plaintiff has brought *pro se* and *in forma pauperis* in this Court since February 25, 2019. *See Martin v. Swearingen*, No. 4:19-cv-314-HEA (E.D. Mo. Feb. 25, 2019); *Martin et al. v. Benett*, No. 4:19-cv-315-SNLJ (E.D. Mo. Feb. 25, 2019); *Martin et al. v. Dunne*, No. 4:19-cv-541-HEA (E.D. Mo. Mar. 19, 2019); *Martin v. Benett*, No. 4:19-cv-2933-NCC (E.D. Mo. Oct. 29, 2019); *Martin v. Swearingen*, No. 4:19-cv-3082 JCH (E.D. Mo. Nov. 12, 2019); and *Martin v. Legal Servs.-E.D. Mo.*, No. 4:21-cv-957-JAR (E.D. Mo. Jul. 30, 2021) (dismissed Aug. 4, 2021). The claims plaintiff asserted in many of these actions are similar to those asserted in the instant complaint. This Court takes judicial notice of the foregoing prior litigation, the records of which are public records filed in this United States District Court and which relate closely to the case at bar. *See United States v. Jackson*, 640 F.2d 614, 617 (8th Cir. 1981) (citations omitted).

4. What injuries did you suffer? Emotional distress, [illegible] pain and suffering

5. What did each defendant personally do, or fail to do, to harm you? I complied with every court order, drops, housing, working [since] he's be in the divorce, and I stated I was injured and couldn't work and they stop my visits and still took my rights from me for my child.

*Id.* at 5. For relief, plaintiff seeks justice on her and her child's behalf and $300,000 in damages.

**Discussion**

Federal courts are courts of limited, not general, jurisdiction. *Thomas v. Basham*, 931 F.2d 521, 522 (8th Cir. 1991). The existence of jurisdiction is a threshold requirement that must be assured in every federal case. *Kronholm v. Fed. Deposit Ins. Corp.*, 915 F.2d 1171, 1174 (8th Cir. 1990); *see also Sanders v. Clemco Indus.*, 823 F.2d 214, 216 (8th Cir. 1987) ("The threshold requirement in every federal case is jurisdiction and we have admonished the district court to be attentive to a satisfaction of jurisdictional requirements in all cases"). The issue of the existence of jurisdiction may be raised at any time, by any party or the court. *Gray v. City of Valley Park, Mo.*, 567 F.3d 976, 982 (8th Cir. 2009). As noted above, if this Court determines at any time that it lacks subject matter jurisdiction, it must dismiss the action. Fed. R. Civ. P. 12(h)(3).

Federal question jurisdiction gives district courts original jurisdiction of civil actions "arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. Federal question jurisdiction is proper where a plaintiff asserts "[a] non-frivolous claim of a right or remedy under a federal statute." *Northwest South Dakota Prod. Credit Ass'n v. Smith*, 784 F.2d 323, 325 (8th Cir. 1986). "If the asserted basis of federal jurisdiction is patently meritless, then dismissal for lack of jurisdiction is appropriate." *Biscanin v. Merrill Lynch & Co., Inc.*, 407 F.3d 905, 907 (8th Cir. 2005).

3

Here, plaintiff invokes this Court's federal question jurisdiction, but she asserts no claims that arise under the Constitution, laws, or treaties of the United States. Plaintiff may have intended to bring claims pursuant to 42 U.S.C. § 1983, but she does not allege that any of her federally-protected rights were violated. Plaintiff does not cite, nor is the Court aware, of any other federal statute under which her claims could be brought. The Court therefore concludes that plaintiff's assertion of this Court's federal question jurisdiction is patently meritless, and that her allegations fail to present a non-frivolous claim of a right or remedy under 42 U.S.C. § 1983 or any other federal statute.

Additionally, plaintiff cannot establish diversity jurisdiction because her case falls within the domestic relations exception to federal jurisdiction. The domestic relations exception "divests the federal courts of jurisdiction over any action for which the subject is a divorce, allowance of alimony, or child custody." *Kahn v. Kahn*, 21 F.3d 859, 861 (8th Cir. 1994). Furthermore, when a cause of action is closely related to an action for divorce, alimony, or child custody, federal courts generally abstain from exercising jurisdiction. *Id.* Moreover, plaintiff alleges that she and two other defendants are citizens of Missouri and non-diverse. Therefore, for the foregoing reasons, this action will be dismissed for lack of jurisdiction. *See* Fed. R. Civ. P. 12(h)(3).

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion for leave to proceed *in forma pauperis* (ECF No. 2) is **GRANTED.**

**IT IS FURTHER ORDERED** that this action is **DISMISSED** without prejudice. A separate order of dismissal will be entered herewith.

**IT IS FURTHER ORDERED** that plaintiff's motion for appointment of counsel (ECF No. 3) is **DENIED as moot**.

**IT IS HEREBY CERTIFIED** that an appeal from this dismissal would not be taken in good faith.

Dated this ___13th___ day of August, 2021.

_____
JOHN A. ROSS
UNITED STATES DISTRICT JUDGE